**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **ADRIAN BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 1:21-00424** |
| | ) | |
| **C. MARUKA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action with prejudice and deny Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32) as moot.

**PROCEDURAL BACKGROUND**

On July 29, 2021 and August 11, 2021, Plaintiff filed his Complaint and Supplemental Complaint for alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971).[1] (Document Nos. 3 and 8.) In his Complaint and Supplement, Plaintiff names the following as Defendants: (1) C. Maruka, Warden of FCI McDowell; (2) R. Brown, Assistant Warden of FCI McDowell; (3) E. Johnson, Assistant Warden at FCI McDowell; (4) K. Whinbush, Captain at FCI McDowell; (5) M. Slaughter, Correctional Officer at FCI McDowell; (6) M.

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Sawyers, SHU Recreational Officer/Correctional Officer at FCI McDowell; (7) K. Thorne, SIS/Correctional Officer at FCI McDowell; (8) C. Day, A2 Unit Manager at FCI McDowell; (9) A. Shrader, Trust Fund Supervisor at FCI McDowell; (10) T. Blankenship, Correctional Officer at FCI McDowell; (11) L. Martin, Correctional Officer at FCI McDowell; (12) J. Kirk, Lieutenant at FCI McDowell; (13) C. Connley, SHU Lieutenant at FCI McDowell; (14) M. Rife, CMC at FCI McDowell; (15) J. Jones, Counselor at FCI McDowell; (16) M. Lislie, DHO Hearing Officer at FCI McDowell; (17) C. Oxford, Case Manager at FCI McDowell; (18) N. Justice, Correctional Officer at FCI McDowell; and (19) FCI McDowell. (Document No. 3, pp. 2 – 5 and Document No. 8.) Plaintiff alleges Defendants violated his constitutional rights. (Id.) First, Plaintiff claims he was denied of administrative remedy forms in violation of his constitutional rights. (Document No. 3, p. 7.) Specifically, Plaintiff alleges that A2 Counselor J. Jones, Unit Manager C. Day, Captain K. Whinbush, Lt. Connley, Associate Warden ("AW") R. Brown, AW E. Johnson, and Case Manager C. Oxford denied Plaintiff's request for administrative remedy forms. (Id.) Plaintiff states that it has been "close to a year" since he has had access to administrative remedy forms. (Id., p. 14.)

Second, Plaintiff claims that he was subjected to verbal threats and disrespect. (Document No. 3, p. 7 and 15 and Document No. 8.) In support, Plaintiff explains that he was surrounded by five to six officers (M. Salughter, L. Martin, T. Blankenship, N. Justice, and other unknown officers) in the law library on June 28, 2021. (Document No. 3, p. 7 and Document No. 8.) Plaintiff states that while he was in the law library, he requested printer paper from Officer Martin. (Id.) Plaintiff claims that Officer Martin inquired as to what Plaintiff needed to print, and Plaintiff responded, "legal research for you guys violating my civil rights." (Id.) Plaintiff alleges that approximately one hour later, five to six officers entered the law library and surrounded Plaintiff.

(Id.) Plaintiff states that he said, "Damn what's up?" (Id.) Plaintiff claims that the officers responded that "they had a message for me from administration." (Id.) Plaintiff states that the officers clarified that the message was from "Boss Man Brown referring to Assistant Warden R. Brown and Mrs. Day referring to A Lower Unit Manager C. Day." (Document No. 3, pp. 7 – 8.) Plaintiff alleges that he was then threatened to stop asking for administrative remedy forms and that if Plaintiff continued, "they had a green light to beat [his] ass." (Id., p. 8.) Plaintiff further states that the officers advised Plaintiff that he "did not want to be labeled as a 'snitch' in the BOP, and that they have seen snitches get killed, raped, and beaten." (Id.) Plaintiff alleges that these officers pointed out that there were no cameras in the law library, and "that if they had to pay me another visit, it would not be nice." (Id.) Plaintiff complains that on June 25, 2021, M. Sawyers told inmates that Plaintiff was a "snitch." (Id., p. 13.)

Third, Plaintiff complains that DHO M. Leslie violated his due process rights by directing the charging officer to rewrite Plaintiff's Incident Report multiple times. (Id., p. 9.) Plaintiff claims that DHO Leslie intentionally prolonged Plaintiff's stay in segregation by sending the Incident Report back for rewrites instead of "throwing out" the charge. (Id.) Plaintiff contends that the Incident Report was rewritten by K. Thorne three times, and the only difference in the Incident Reports were a few words. (Id.)

Fourth, Plaintiff complains that he was subjected to secondhand smoke. (Id., p. 10.) Plaintiff complains that from 2020 – 2021 officers at FCI McDowell would "smoke, chew, and vape products." (Id.) Plaintiff contends that this allowed "inmates to gain access to their used tobacco products" and inmates would smoke in housing units thereby subjecting inmates to secondhand smoke. (Id.)

Fifth, Plaintiff alleges that AW Brown, Trust Fund Supervisor A. Shrader, K. Whinbush,

and C. Day refused to allow Plaintiff to send funds to his parents on February 10, 2021, and June 14, 2021. (Id., p. 10.) Plaintiff states that he discussed this issue with AW Brown and Trust Fund Supervisor Shrader, who said they would look into it. (Id., pp. 10 – 11.) Plaintiff alleges when he continued to ask questions about sending the funds and requesting administrative remedy forms, Defendants threatened to place Plaintiff in administrative segregation. (Id., p. 11.)

Sixth, Plaintiff alleges that Defendants placed Plaintiff in a "hard cell" in retaliation for Plaintiff exercising his First Amendment rights. (Id., pp. 12 – 13.) Plaintiff explains that on June 24, 2021, SHU Officer Sawyer informed Plaintiff he was being moved to a "hard cell." (Id., p. 12.) Plaintiff states that when he inquired as to why he was being moved, Counselor J. Jones stated, "didn't you just ask me for a BP-8." (Id.) Plaintiff alleges that when he responded "yes," Counselor Jones responded, "Well, there you go." (Id.) Plaintiff alleges that in efforts to be removed from the "hard cell," he covered the window with his shirt. (Id.) Plaintiff alleges that Officer Hess then took Plaintiff to the DHO room where he met with Captain Whinbush. (Id.) Plaintiff alleges that he informed Captain Whinbush that he was being retaliated against for telling AW Brown that he would be seeking a civil action. (Id., p. 13.) Plaintiff complains that Captain Whinbush responded, "maybe you should not be seeking civil action" and that such was not in Plaintiff's "best interest." (Id.) Plaintiff states that Officer Hess then returned Plaintiff to his "hard cell." (Id.) Plaintiff indicates that he had been the "hard cell" for approximately one month. (Id.) Plaintiff further alleges that officers did not give him any toothpaste, a toothbrush, or soap. (Id.) Finally, Plaintiff claims that the cell was "dirty" with spit, dust, blood, and human waste on the walls. (Id.)

Seventh, Plaintiff contends that he was only allowed "outside recreation" one time from June 18, 2021 until July 29, 2021. (Id., p. 13.) Plaintiff complains that SHU Officer Sawyers would allow Plaintiff's cellmate to go to recreation, but not Plaintiff. (Id.) Plaintiff alleges that he

complained to AW Brown, Captain Whinbush, Unit Manager Day, and SHU Lt. Connley, but no action was taken. (Id., pp. 13 – 14.)

Eighth, Plaintiff asserts that he has only been allowed to go to the law library twice from June 17, 2021, until July 25, 2021. (Id., p. 14.) Plaintiff claims this was done to "hinder [him] from seeking [his] First Amendment rights." (Id.) Plaintiff states that "most of the days the law library is just empty, and officers are just being lazy." (Id.) Plaintiff alleges that he has reported the forgoing to AW Brown, SHU Lt. Connley, Captain Whinbush, and Unit Manger Day, but they only say "they will look into it and nothing happens." (Id.)

Ninth, Plaintiff claims that he contracted COVID in February 2021. (Id., p. 15.) Plaintiff alleges that he suffered from severe headaches, fatigue, sinus problems, dizziness, vomiting, diarrhea, fever, and loss of taste. (Id.) Plaintiff complains that he has ongoing issues. (Id.) Plaintiff alleges that his PA is providing inadequate medical care for his "ongoing issues," because she merely states that "it would go away." (Id.) Specifically, Plaintiff alleges that he suffers from long-term "sinus problems," "fogginess in my head," and headaches. (Id.) Plaintiff states he "was never given treatments of any kind." (Id.) Plaintiff alleges that when he puts in "sick calls" regarding the above issues, no one comes to see him. (Id.) Plaintiff, however, acknowledges that if he places a "sick call about something else, they come and see me." (Id.) Plaintiff alleges that he has notified AW Brown and Unit Manager Day about the foregoing, but no action has been taken. (Id., p. 16.) Plaintiff further alleges that Warden Maruka and Captain Whinbush are responsible for the safety of inmates. (Id.)

Tenth, Plaintiff alleges that disciplinary proceedings against him violated his due process rights. (Id., pp. 17 -18.) Plaintiff complains that he was "found guilty of the Incident Report even though the Incident Report was served on [him] by Lt. Kirk 2 hours past the 24-hour deadline."

(Id.) Plaintiff further claims that his "UDC hearing was 72 hours past the deadline because correctional staff had 72 hours to UDC [him] for an Incident Report from the time the Incident Report was served on [him]." (Id.) Plaintiff alleges that asserted the above procedural violations during his hearing, but he was still found guilty of the charge contained in the Incident Report. (Id.) As a sanction, Plaintiff states that he lost 60 days of commissary and 30 days of phone privileges. (Id., p. 18.) Plaintiff requests monetary and injunctive relief. (Id., p. 21.)

On August 13, 2021, Plaintiff filed his completed Application to Proceed Without Prepayment of Fees and Costs. (Document No. 9.) By Order entered on August 17, 2021, the undersigned denied Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to pay the filing and administrative fee totaling $402.00. (Document No. 10.) On September 13, 2021, the Court received payment of Plaintiff's filing and administrative fee. (Document No. 13.) By Proposed Findings and Recommendation ("PF&R") entered on November 19, 2021, the undersigned recommended that the District Court "**DISMISS** Plaintiff's Complaint as to the following: (1) All claims against FCI McDowell; (2) Claim of a denial of the right to participate in the BOP's administrative remedy process; (3) Claim of unconstitutional verbal threats and harassment in violation of the Eighth Amendment; (4) Claim of unconstitutional conditions of confinement in violation of the Eighth Amendment; (5) Claim of unconstitutional exposure to tobacco products in violation of the Eighth Amendment; (6) All claims concerning the alleged violation of the Due Process Clause of the Fifth Amendment; (7) All claims concerning the alleged violation of the First Amendment; and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's claim of deliberate indifference regarding his medical care." (Document No. 14.) By Memorandum Opinion and Order entered on January 13, 2022, United States District Judge David A. Faber adopted the undersigned's PF&R, dismissed Plaintiff's

Complaint as to the following: (1) All claims against FCI McDowell; (2) Claim of a denial of the right to participate in the BOP's administrative remedy process; (3) Claim of unconstitutional verbal threats and harassment in violation of the Eighth Amendment; (4) Claim of unconstitutional conditions of confinement in violation of the Eighth Amendment; (5) Claim of unconstitutional exposure to tobacco products in violation of the Eighth Amendment; (6) All claims concerning the alleged violation of the Due Process Clause of the Fifth Amendment; (7) All claims concerning the alleged violation of the First Amendment; and referred the matter back to the undersigned for further proceedings on Plaintiff's claim of deliberate indifference regarding his medical care. (Document Nos. 16 and 17.) By Order entered on January 14, 2022, the undersigned directed the Clerk to issue process upon Defendants Carothers, Brown, Day, Maruka, and Whimbush. (Document No. 19.) The Clerk issued process the same day. (Document No. 20.)

The Summons for Defendant Maruka was returned unexecuted on January 26, 2022. (Document No. 27.) By Order entered on January 27, 2022, the undersigned directed Plaintiff to provide the Court with an updated address for Defendant Maruka by February 28, 2022. (Document No. 28.) The undersigned further notified Plaintiff that "[f]ailure to Plaintiff to provide the Court with an updated address from the above Defendant by February 28, 2022, will result in a recommendation of dismissal of this matter without prejudice as to the above Defendant pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia." (Id.) Plaintiff never responded to the Court's above Order.

On March 23, 2022, Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 32 and 33.) Defendants argue that Plaintiff's claims should be dismissed based on the following: (1) "Dismissal of

Defendant Maruka is appropriate under Federal Rules of Civil Procedure 4(m) and 42(b), and Local Rule of Civil Procedure 41.1" (Document No. 33, pp. 4 – 5.); (2) Dismissal of the Complaint pursuant to Section 1915A is appropriate because Plaintiff's claims are frivolous and malicious (Id., pp. 5 – 8.); (3) Plaintiff failed to exhaust his administrative remedies (Id., pp. 8 – 11.); (4) "Injunctive relief is not available in a Bivens case" (Id., pp. 11 – 12.); (5) "Defendants Maruka, Day, Brown, and Whinbush lacked personal involvement in Plaintiff's allegations" (Id., pp. 12 – 13.); (6) "Defendant C. Carothers is a Public Health Service Employee is entitled to absolute immunity from suit" (Id., pp. 13 – 14.); (7) Plaintiff fails to state a cognizable claim because his allegations do not support a finding of inadequate medical care (Id., pp. 14 – 17.); and (8) Defendants are entitled to qualified immunity (Id., pp. 17 – 18.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on March 24, 2022, advising him of the right to file a response to the Defendants' Motion. (Document No. 34.) Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his action, Plaintiff did not file a response to Defendants' above "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32). After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 3, 2022, directing Plaintiff to "show cause in writing on or before October 18, 2022, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 39.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32). (Id.) On October 6, 2022, Plaintiff provided the Court with a Notice of Change of Address. (Document No. 36.) On the same day, the Clerk mailed to Plaintiff's updated address a copy of the Docket Sheet and the Court's Order dated

October 3, 2022. (Id.) Plaintiff, however, has not filed a response to the Court's show cause order.

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Although Plaintiff provided the Court with a Notice of Change of Address on October 6, 2022, Plaintiff has done absolutely nothing since that time to demonstrate his interest in prosecuting this action. (Document No. 36.) Plaintiff failed to take action despite the filing of the Court's Order directing Plaintiff to provide an updated address for Defendant Maruka (Document No. 28), Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Document No. 32), the Court's Roseboro Notice (Document Nos. 34), and the Court's Order directing Plaintiff to show cause for his failure to prosecute (Document No. 35). The Court notes that there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the Defendants. Although Defendants filed a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," there is no indication that Defendants expended sufficient time or resources defending Plaintiff's action. Defendants' Motion largely relies upon the argument that Plaintiff failed to state a cognizable claim, Plaintiff failed to exhaust his administrative remedies, and Defendants are entitled to immunity. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the Defendants.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Besides providing a Notice of Change of Address, Plaintiff has completely failed to take any action in these proceedings for more than nine months. (See Document No. 15.) This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J. Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as a *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed with prejudice[3] unless Plaintiff is able to show good cause for his failure to prosecute.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS**

[3] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise."

Plaintiff's Complaint and Supplemental Complaint (Document Nos. 3 and 8) with prejudice, **DENY as moot** Defendants' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Document No. 32), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: October 28, 2022.

Omar J. Aboulhosn
United States Magistrate Judge