IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**ADRIAN BAILEY,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:21-00424**

**C. MARUKA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated January 25, 2023, the court accepted the Proposed Findings and Recommendation of the magistrate judge and dismissed plaintiff's complaint(s) with prejudice for failure to prosecute. See ECF No. 40. Almost eight months later, on September 12, 2023, plaintiff filed a motion asking "to have this matter put in front of a judge to reopen and proceed." See ECF No. 42. According to Bailey, he "was in transit awhile and lost contact with the courts." Id.

The court construes plaintiff's motion as one seeking relief under Federal Rule of Civil Procedure 60(b).[1] See Jolin v. Casto, 238 F.R.D. 48, 50 (D. Conn. 2006) ("Where an action is

---

[1] A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) "must be filed no later than 28 days after the entry of the judgment." Plaintiff's filing falls well outside the 28-day window. Therefore, it appears that plaintiff's motion would be untimely under Rule 59.

dismissed for want of prosecution, Rule 60(b) allows it to be reopened under certain, enumerated circumstances. . . . Plaintiff's motion is not styled as one pursuant to Rule 60(b), but the Court construes it as such.") (cleaned up).  Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D. 306, 308 (S.D.W. Va. 1998).  Dispositions of Rule 60(b) motions are reviewed for abuse of discretion.  See id.

 The court concludes that plaintiff has demonstrated that he is entitled to relief under Federal Rule of Civil Procedure

60(b)(1) or 60(b)(6).[2]  Plaintiff's excuse for his failure to prosecute is that he lost contact with the court because he was in transit.  Pursuant to Local Rule of Civil Procedure 83.5, it was mandatory for Bailey to "advise the clerk promptly of any changes in name, address, and telephone number."  The docket sheet reflects that mail was returned as undeliverable on only one occasion and that the Clerk's Office resent that mail to another address.  As the record shows, Bailey was given multiple opportunities to pursue his case and avoid dismissal for failure to prosecute.  See Rivera v. Snyder's-Lance, Inc., DOCKET NO. 3:18-cv-00648-FDW-DCK, 2021 WL 6882307, at *1 (W.D.N.C. Nov. 5, 2021) ("Plaintiffs have a general duty to prosecute their cases.  In this regard, a pro se plaintiff must keep the Court apprised of his current address. . . .  Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal for failure to prosecute.") (internal citations omitted).

   "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and

---

[2] The other grounds for relief under Rule 60(b) clearly do not apply.

3

when it feels like taking a break." James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005). Bailey's failure to prosecute his case for more than a year and a half does not warrant Rule 60(b)'s extraordinary relief. See, e.g., Leday v. Meredith, No. 1:08-cv-1702-SEB, 2010 WL 3718012, at *2 (S.D. Ind. Sept. 13, 2010) ("Pro se litigants do not enjoy unbridled license to disregard clearly communicated court orders and are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines.") (cleaned up).

For all these reasons, plaintiff's motion is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 30th day of September, 2024.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge